E-FILED
Monday, 27 April, 2020  05:51:43 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOHN BAMBENEK,  LISA KENDALL, | ) | |
| JOHN PHILLIPS, REFORM | ) | |
| CHAMPAIGN COUNTY, an | ) | |
| unincorporated political association, | ) | |
| and DECATUR DISPENSARY | ) | |
| PROJECT, an unincorporated political | ) | Case No.  3:20-cv-3107 |
| association, | ) | |
| | ) | |
|      Plaintiffs, | ) | |
| | ) | |
|     vs. | ) | Honorable Judge: |
| JESSE WHITE, in his official capacity | ) | |
| as Illinois Secretary of State, KIM | ) | |
| ALTHOFF, in her official capacity as the | ) | |
| Decatur City Clerk, AARON | ) | |
| AMMONS, in his official capacity | ) | |
| as Champaign County Clerk, JOSH | ) | |
| TANNER, in his official capacity as | ) | |
| Macon County Clerk, and WILLIAM | ) | |
| J. CADIGAN, KATHERINE S. O'BRIEN, | ) | |
| LAURA K. DONAHUE, CASSANDRA | ) | |
| B. WATSON, WILLIAM R. HAINE, | ) | |
| IAN K. LINNABARY, CHARLES W. | ) | |
| SCHOLZ, WILLIAM M. MCGUFFAGE, | ) | |
| in their official capacities as Board | ) | |
| Members for the Illinois State Board of | ) | |
| Elections, | ) | |
| | ) | |
|     Defendants. | ) | |

## VERIFIED COMPLAINT FOR EMERGENCY DECLARATORY AND INJUNCTIVE RELIEF

## NATURE OF THE CASE

1.   This is an action to enjoin or modify Illinois petition collection requirements for initiative referendums to be placed on the November 3, 2020 general election ballot and to enable and require the Defendants to accommodate the constitutional rights and interests of the Plaintiffs and the general public in light of the current public health emergency caused by the novel coronavirus and the Governor's shelter-in-place emergency orders.

2.   Under current circumstances, the Plaintiffs and Illinois voters are forced to choose between their health and their rights to petition and vote. Reforms and modifications to Illinois' initiative referendum election procedures in light of the COVID-19 pandemic are appropriate.

## PARTIES

3.   Plaintiff John Bambenek is a Champaign County, Illinois registered voter and the organizer of Reform Champaign County.  Plaintiff Bambenek has begun an initiative petition drive for a constitutional amendment referendum, pursuant to Article XIV, Section 3 of the Illinois Constitution, and a copy of said petition is attached hereto as Exhibit "A".

4.   Plaintiff Bambenek also wishes to circulate an initiative petition for a binding local government referendum in Champaign County, Illinois pursuant to Article VII, Sections 4(c) and 11 of the Illinois Constitution, and a copy of said petition is attached hereto as Exhibit "B".

5.    Plaintiff Bambenek's Declaration is attached hereto as Exhibit "C".

6.   Plaintiff Lisa Kendall is a Decatur, Macon County, Illinois registered voter and the organizer of the Decatur Dispensary Project.  Plaintiff Kendall has begun with others an initiative petition drive to put a question of public policy on the ballot at the November 3, 2020 general election in the city of Decatur pursuant to 10 ILCS 5/28-6, and a copy of said petition is attached hereto as Exhibit "D".

7.   Plaintiff Kendall's Declaration is attached hereto as Exhibit "E".

8.   Plaintiff John Phillips is a Decatur, Macon County, Illinois registered voter and a member of the Decatur Dispensary Project.  Plaintiff Phillips has begun with others an initiative petition drive to put a question of public policy on the ballot at the November 3, 2020 general election in the city of Decatur pursuant to 10 ILCS 5/28-6, and a copy of said petition is attached hereto as Exhibit "D".

9.   Plaintiff's Phillip's Declaration is attached hereto as Exhibit "F".

10.  Plaintiff Reform Champaign County Now is an unincorporated political association that seeks to put a binding local government referendum on the ballot at the November 3, 2020 general election in Champaign County pursuant to Article VII, Sections 4 (c) and 11 of the Illinois Constitution.  See Exhibit "C", Bambenek Declaration.

11.  Plaintiff Decatur Dispensary Project is an unincorporated political association that seeks to put a question of public policy on the ballot in the city of Decatur at the

November 3, 2020 general election pursuant to 10 ILCS 5/28-6.  See Exhibit "E", Kendall

Declaration.

12. Defendant Jesse White is the Illinois Secretary of State who is constitutionally

authorized to accept filings of petitions for constitutional amendments pursuant to

Article XIV, Section 3 of the Illinois Constitution.

13. Defendant Kim Althoff is the Decatur City Clerk, whose office is responsible for

all matters involving local elections in Decatur, Illinois and is authorized to accept

filings for public policy question  initiative referendums for Decatur pursuant 10 ILCS

5/28-6 and to certify those referendums to the Macon County Clerk for ballot placement.

14. Defendant Josh Tanner is the Macon County Clerk, whose office is responsible

for placing on the election ballot any 10 ILCS 5/28-6 initiative referendum questions

certified by the clerk of the city of Decatur

15. Defendant Aaron Ammons is the Champaign County Clerk, whose office is

responsible for elections in Champaign County, Illinois and is authorized to accept

filings of local government initiative referendums for Champaign County pursuant to

Article VII, Sections 4(c) and 11 of the Illinois Constitution, and then to place such

referendum questions on the ballot.

16.  Defendants William J. Cadigan, Katherine S. O'Brien, Laura K. Donahue,

Cassandra B. Watson, William R. Haine, Ian K Linnabary, Charles W. Scholz, and

William M. McGuffage, are members of the Illinois State Board of Elections and are

empowered to enforce and administer Illinois election laws.

## JURISDICTION AND VENUE

17. This Court has jurisdiction over the subject matter of this action by virtue of

U.S.C. § 1331 (federal question jurisdiction), this being a case arising under the United

States Constitution and 42 U.S.C. § 1983; 28 U.S.C. § 2201 (authorizing declaratory

relief); and 28 U.S.C. § 2202 (authorizing injunctive relief).

18. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(e) and 1402(a) and 5

U.S.C. § 703.

## FACTUAL BACKGROUND

19. Article XIV, Section 3 of the Illinois Constitution provides that

> Amendments to Article IV of this Constitution may be proposed by a petition signed by a number of electors equal in number to at least eight percent of the total votes cast for candidates for Governor in the preceding gubernatorial election. Amendments shall be limited to structural and procedural subjects contained in Article IV. A petition shall contain the text of the proposed amendment and the date of the general election at which the proposed amendment is to be submitted, shall have been signed by the petitioning electors not more than twenty-four months preceding that general election and shall be filed with the Secretary of State at least six months before that general election. The procedure for determining the validity and sufficiency of a petition shall be provided by law. If the petition is valid and sufficient, the proposed amendment shall be submitted to the electors at that general election and shall become effective if approved by either three-fifths of those voting on the amendment or a majority of those voting in the election.

20. Article VII, Section 11 of the Illinois Constitution provides that

(a)  Proposals for actions which are authorized by this Article or by law and which require approval by referendum may be initiated and submitted to the electors by resolution of the governing board of a unit of local government or by petition of electors in the manner provided by law.

 (b)  Referenda required by this Article shall be held at general elections, except as otherwise provided by law. Questions submitted to referendum shall be adopted if approved by a majority of those voting on the question unless a different requirement is specified in this Article.

21.  Section 28-6 of the Illinois Election Code provides that

(a) On a written petition signed by a number of voters equal to at least 8% of the total votes cast for candidates for Governor in the preceding gubernatorial election by the registered voters of the municipality, township, county or school district, it shall be the duty of the proper election officers to submit any question of public policy so petitioned for, to the electors of such political subdivision at any regular election named in the petition at which an election is scheduled to be held throughout such political subdivision under Article 2A. Such petitions shall be filed with the local election official of the political subdivision or election authority, as the case may be. Where such a question is to be submitted to the voters of a municipality which has adopted Article 6, or a township or school district located entirely within the jurisdiction of a municipal board of election commissioners, such petitions shall be filed with the board of election commissioners having jurisdiction over the political subdivision.

22.  Article III, Section 3 of the Illinois Constitutiono provides that "[a]ll elections shall be free and equal."

23. Sometime around December 2019, an outbreak of respiratory disease now known as COVID-19, or coronavirus, emerged in Wuhan, China.

24. Since then, the outbreak has spread to the majority of the world, with the United States reporting the most cases.

25.  On February 27, 2020, the Centers for Disease Control issued guidance in response to COVID-19 which recommended, among other things, the practice of social distancing.

26. On March 9, 2020, the Governor of Illinois proclaimed the entire state a disaster area[1] and later banned gatherings of 1,000 people or more and closed all schools, restaurants, and bars.[2]

27. On March 11, 2020, the World Health Organization declared COVID-19 to be a global pandemic.

28. On March 13, 2020, the President of the United States declared a national emergency.

29.  On March 15, 2020, the Illinois General Assembly suspended session indefinitely due to the COVID-19 pandemic.

30. On March 20, 2020, the Governor of Illinois ordered everyone to shelter at home with the exception of "essential" activities and services, and to maintain six foot distance from others.

31. The Governor's shelter at home and social distancing order is in effect until April 30, 2020.[3]  On April 23, 2020 the Governor announced he would extend his shelter at home and social distancing order to May 30, 2020 and add to it a requirement  of

---

[1] https://www2.illinois.gov/sites/gov/Documents/APPROVED%20-%20Coronavirus%20Disaster%20Proc%20WORD.pdf.

[2] https://www2.illinois.gov/Pages/Executive-Orders/ExecutiveOrder2020-04.aspx.

[3] https://www2.illinois.gov/Pages/Executive-Orders/ExecutiveOrder2020-18.aspx

wearing a facing mask when in public.[4]

32. Circulating initiative petitions is not listed as an "essential" activity under the Governor's order. **The health crisis coupled with the Governor's orders makes it impossible to gather signatures in Illinois**. In addition, gathering signatures during the health crisis would endanger the health of the circulators and that of the public at large.

33. A number of states, including Illinois for candidate petitions, have taken action to protect the constitutional right to petition and vote in the midst of this health crisis.

34. On April 23, 2020 The U.S. District Court for the Northern District of Illinois (Chief Judge Rebecca R. Pallmeyer) in case no. 20-cv-2112 entered a preliminary injunction order regarding independent and new political party candidates:

a. eliminating requirement of 10 ILCS 5/10-4 that voters sign in the presence of a circulator, and that the circulator's notarized signature be at the bottom of each petition sheet;

b. eliminating the requirement that only original sheets with original signatures be filed;

c. allowing electronic signatures;

d. reducing the number of signatures required by 90% to 10% of the number otherwise required by law;  and

e. extending the filing deadline from June 22 to August 7, 2020.

(A copy of Judge Pallmeyer's order is attached hereto as Exhibit "G".)

---

[4] https://wgntv.com/wp-content/uploads/sites/5/2020/04/458017222-Illinois-Modified-Stay-at-Home-Executive-Order-4-23-20.pdf

35.  On April 17, 2020 the Massachusetts Supreme Court entered and order reducing the number of required signatures by 50%, allowing for electronic signatures and extending the filing deadline. (*Goldstein v. Secretary of the Commonwealth*, No. SJC-12931 (April 17, 2020)).[5]

36. Similar relief was granted on April 20, 2020 by the U.S. District Court for the Eastern District of Michigan, including a 50% reduction in signatures, allowing for electronic signatures and extending the filing deadline.  *Esshaki v. Whitmer*, No. 2:20-CV-10831-TGB, 2020 WL 1919154 (E.D. Mich. Apr. 20, 2020)

37.  The Oklahoma Secretary of State issued an order March 18, 2020 tolling the 90-day period for circulating initiative petitions with it to be lifted and reinstated when the Governor lifts the declaration of emergency.[6]

38. Other similar relief that has been granted due to COVID-19   includes on March 19, 2020, the Governor of New Jersey issued an executive order to the Secretary of State to implement online petitioning and signature collection.[7] On April 2, 2020, Florida's Secretary of State signed an emergency order allowing for the collection of petition signatures online.[8] Moreover, the Arizona Secretary of State has provided an online petitioning mechanism for candidates since 2011.[9] On March 14, 2020, the Governor of

---

[5]Text of Order  https://www.mass.gov/doc/sjc-12931-opinion/download
[6] https://www.boisestatepublicradio.org/sites/idaho/files/202003/sos_prpnt_ntc_and_sc_order_03-18-20.pdf
[7] https://www.state.nj.us/state/elections/assets/pdf/candidate/EO-105.pdf
[8] https://dos.myflorida.com/media/702874/1ser20-2.pdf
[9] https://apps.azsos.gov/equal/

New York issued an executive order reducing the required number of petition

signatures for all petitions for ballot access to 30% of the state threshold.[10]

39. In order for Plaintiff Bambenek's constitutional amendment referendum to

qualify for the November 3, 2020 general election, he must submit 363,813 initiative

petition signatures to the Illinois Secretary of State by May 3, 2020. See Article XIV,

Section 3 of the Illinois Constitution and Section 28-9 of the Illinois Election Code.

40. For the Champaign County initiative referendum to qualify, Plaintiff Bambenek

must submit 6,409 signatures to the Champaign County Clerk by August 3, 2020. See

Article VII, Section 11 of the Illinois Constitution and Section 28-7 of the Illinois Election

Code.

41. For the city of Decatur question of public policy initiative referendum to qualify,

Plaintiffs Kendall and Phillips must submit 1,935 signatures to the Decatur City Clerk

by August 3, 2020.  See 10 ILCS 5/28-2 and 28-6.

42.  Since the Governor's initial proclamation of the entire state as a disaster area on

March 9, 2020, Petitioner Bambenek' period for collecting signatures for his

constitutional amendment initiative petition has been truncated by 55 days, and the

Plaintiffs' periods to circulate the other initiative petitions has been truncated by more

than 55 days, as their filing deadline is August 3, 2020  and it is unknown how long past

---

[10] https://www.governor.ny.gov/news/amid-covid-19-pandemic-governor-cuomo-signs-executive-order-temporarily-modifying-election

May 30, 2020 the stay at home order; face mask requirement and social distancing

restrictions will be in place.

43. Apart from judicial relief, the Plaintiffs have no way to exercise their right to

petition and speech without jeopardizing their health and health of the general public.


## COUNT I
## RIGHT TO PETITION AND SPEECH

44. The allegations contained in all preceding paragraphs are incorporated here by

reference.

45. Plaintiffs' rights to petition and speech are protected by the First Amendment to

the United States Constitution in conjunction with Article XIV, Section 3, Article VII,

Section 11, Article III, Section 3 of the Illinois Constitution. Article 28 of the Illinois

Election Code also requires statewide and local initiative referendum petition sheets to

contain a sworn and notarized affidavit of the petition circulator that he or she

personally witnessed the signatures of all signers of the petition and the notary attesting

that he or she witnessed the signature of the circulator. In addition, initiative petition

signatures must be handwritten by the signer on a paper petition. Finally, the paper

initiative petition pages must be bound and filed in one book with the appropriate

officer as designated by Article VII or Article XIV of the Illinois Constitution and by The

Election Code.

46. Under the circumstances, the Illinois petition collection requirements unduly burden and violate Plaintiffs' rights to petition and speech.

47. A real and actual controversy exists between the parties.

48.  Plaintiffs have no actual remedy at law other than this action.

49. Plaintiffs are suffering, and will continue to suffer, irreparable harm until they obtain relief from this Court.

   **WHEREFORE**, Plaintiffs respectfully pray that the Court grant the relief set forth in the prayer for relief below.

## COUNT II
## RIGHT TO EQUAL PROTECTION AND DUE PROCESS

50.    The allegations contained in all preceding paragraphs are incorporated here by reference.

51.    Under the present circumstances, Illinois' petition collection requirements unduly burden and violate Plaintiffs' rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution as well as Article I, Section 2, Article III, Section 3, Article VII, Section 11, and Article XIV, Section 3 of Illinois Constitution.

52.    A real and actual controversy exists between the parties.

53.    Plaintiffs have no actual remedy at law other than this action.

54.    Plaintiffs are suffering, and will continue to suffer, irreparable harm until they obtain relief from this Court.

**WHEREFORE**, Plaintiffs respectfully pray that the Court grant the relief set forth in the prayer for relief.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court:

A.  Assume original jurisdiction over this matter;

B.  Issue a temporary restraining order and/or preliminary injunction (i) enjoining or modifying enforcement of Illinois' petition collection requirements for initiative referendums for Illinois' November 3, 2020 general election; and (ii) granting the same relief as Judge Pallmeyer granted in No. 20-cv-2112 in the Northern District, to wit:

  a.  eliminating requirement that voters sign in the presence of a circulator, and that the circulator's notarized signature be at the of each petition sheet;

  b.  eliminating the requirement that only original sheets with original signatures be filed;

  c.  allowing electronic signatures;

  d.  reducing the number of signatures required by 90% to 10% of the number otherwise required by law; and

  e.  extending the filing deadlines from May 3d and August 3rd to August 7, 2020; or

  f.  for whatever other or different relief this Court deems just.

C.  Issue a declaratory judgment stating that, in light of the current public health emergency caused by the COVID-19 and executive orders requiring that Illinois

citizens stay at home and shelter in place, Illinois' petition collection

requirements for qualifying Article XIV and Article VII referendums, and

question of public policy referendums per 10 ILCS 5/28-5 for the general election

cannot be constitutionally enforced;

D.  Issue a permanent injunction prohibiting enforcement of Illinois' petition

collection requirements for Article XIV and Article VII referendums and question

of public policy question per 10 ILCS 5/28-6 for the November 3, 2020 general

election;

E.  Order Defendants to pay to Plaintiffs their costs and reasonable attorneys' fees

under 42 U.S.C. § 1988(b);

F.  Grant such other relief as this Court deems appropriate.

Respectfully submitted this 7th day of April, 2020.

**/s/ Samuel J. Cahnman**
**One of Plaintiffs Attorneys**

Samuel J. Cahnman
Attorney at Law
915 S. 2nd St.
Springfield, IL 62704
217-528-0200
IL Bar No. 3121596
samcahnman@yahoo.com

Pericles Camberis Abbasi
Attorney at Law
6969 W. Wabansia Ave.
Chicago, IL 60707
773-368-5423

IL Bar No. 6312209
pericles@uchicago.edu
*Pro hac vice pending*

<u>VERIFICATION</u>
(pursuant to 28 U.S.C. Sec. 1746)


    I, John Bambenek, verify under penalty of perjury under the laws of the United

States of America that the foregoing is true and correct.

    Executed on April 26, 2020.


                           <u>*s/John Bambenek*</u>